# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SKY BUSK,

        Plaintiff,

  v.                                   Case No. 06-C-231

MATTHEW J. FRANK, and
JEFFREY P. ENDICOTT,

        Defendants.

**ORDER DENYING THE PLAINTIFF'S MOTION FOR RECONSIDERATION UNDER RULE 59(e), FEDERAL RULES OF CIVIL PROCEDURE (DOC. #7) AND DENYING PLAINTIFF'S REQUEST FOR THE APPOINTMENT OF COUNSEL**

On May 15, 2006, the court screened the *pro se* complaint and dismissed this action, filed under 42 U.S.C. § 1983, finding that the complaint failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A. Judgment was entered May 15, 2006, and the plaintiff has filed a letter with the court requesting leave to "amend or refile [his] complaint" and the appointment of counsel.

Section 1915A states, in pertinent part, that a court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer of employee of a governmental entity." 28 U.S.C. § 1915A(a). This statute further provides that, on reviewing such a claim, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

A review of plaintiff's letter of May 30, 2006, reveals that he is asking the court to reconsider its decision to dismiss his action. There is no "motion for reconsideration" mentioned in the Federal Rules of Civil Procedure. However, there are Rules 59(e) and 60(b). The key factor in determining whether a "substantive" motion is cognizable under Rule 59 or Rule 60 is its timing. *Britton v. Swift Transp. Co.*, 127 F.3d 616, 618 (7th Cir. 1997). All substantive motions filed within ten days of the entry of judgment are treated as based on Rule 59; all substantive motion filed more than ten days after the entry of judgment are evaluated under Rule 60. *Id.* A "substantive" motion is one "that if granted would result in a substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file something." *Id.* (internal quotation marks and citation omitted).

The plaintiff's May 30, 2006, letter is properly regarded as a Rule 59(e) motion because it was filed within ten days of the entry of judgment and would result in a substantive change in the judgment. *Britton*, 127 F.3d 616, 618 (7th Cir. 1997); *see also* Fed. R. Civ. P. 6(a). A motion for reconsideration, or a motion to alter or amend judgment pursuant to Rule 59(e), serves three very limited purposes in federal civil litigation: newly discovered evidence; an intervening change in the controlling law; or manifest error of law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998); *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Russell v. Delco Remy Div. Of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Generally, Rule 59(e) motions are not vehicles for introducing new evidence or advancing arguments that could or should have been presented

to the district court prior to judgment. *Moro*, 91 F.3d at 876; *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

The complaint challenged the plaintiff's dismissal from his prison job as a result of a "bogus" performance evaluation. The plaintiff filed his complaint as a class action against the defendants. However, in the screening order, this court concluded that the plaintiff had not satisfied the requirements necessary to sue as a representative of a class under Rule 23(a), Federal Rules of Civil Procedure, and could pursue the claims advanced in the complaint only in his individual capacity. The court then went on to screen the complaint. As a result, it concluded that plaintiff's action should be dismissed because it failed to state a claim under the due process clause, the equal protection clause, the Eighth Amendment or the Fair Labor Standards Act.

In his motion for reconsideration, the plaintiff asks that he be allowed to amend or refile his complaint to proceed individually and not on behalf of a class. The plaintiff's desire to proceed individually is not a proper ground for reconsideration inasmuch as there is no claim by plaintiff that the screening order contained a manifest error of law. Moreover, amending the complaint to eliminate the class action component would be futile because the court has already screened plaintiff's complaint as though it had been filed individually and not on behalf of a class. *See* Foman v. Davis, 371 U.S. 178, 182 (1962). Therefore, the plaintiff's motion under Rule 59(e) will be denied.

In addition, the plaintiff's request for the appointment of counsel is moot. Moreover, the record reveals that the plaintiff has advised the court that he intends to file an appeal if the court denies the motion for reconsideration. Assuming that is still the plaintiff's intention, he is advised that he must file a notice of appeal in accordance with Rule 3, Federal

-3-

Rules of Appellate Procedure.  *See also* Rule 4(a)(4)(a)(iv), Federal Rule of Appellate Procedure (relating to the calculation of time for filing a notice of appeal when a party files a motion to alter or amend the judgment under Rule 59(e)).  Now, therefore,

**IT IS ORDERED** that the plaintiff's motion to amend or refile the complaint (Doc. # 7) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's request for the appointment of counsel is **DENIED** as moot.

Dated at Milwaukee, Wisconsin, this 6th day of June, 2006.

BY THE COURT:

s/C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. District Judge